UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MYRTEN BYRD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1439 CDP |
| | ) | |
| TVI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This recently removed case is before me on my review for subject matter

jurisdiction. Defendant TVI removed this Missouri Human Rights Act

discrimination case to this Court on September 18, 2015, citing diversity

jurisdiction under 28 U.S.C. § 1332(a)(1). As alleged in the petition, plaintiff was

the store manager of a Savers thrift store in Crestwood, Missouri. Defendants

Tompkins and Baird were managerial employees at his store. Plaintiff alleges that

he was subject to adverse treatment and then suspended and terminated based on

his race. Plaintiff alleges that Baird was moved to his store and then acted as the

store manager even though plaintiff still held that title, and that Baird and

Tompkins worked together to get him suspended and fired. Plaintiff's state court

petition names TVI (the owner of Savers), Tompkins, and Baird as defendants.

Although plaintiff, Baird, and Tompkins are all citizens of Missouri, TVI argues

that removal was nevertheless proper because Baird and Tompkins are fraudulently

joined. TVI's basis for this argument is that these two defendants were not named

as employers in plaintiff's charge of discrimination and they were technically not

his supervisors. According to TVI, Baird and Tompkins cannot be held liable

under the MHRA and must be dismissed from this lawsuit. This argument,

however, is not necessarily correct.

Plaintiff is a citizen of Missouri, TVI is a citizen of Washington, and

Tompkins and Baird are citizens of Missouri. "A defendant may remove a state

law claim to federal court only if the action originally could have been filed there."

*In re Prempro Products Liability Litigation*, 593 F.3d 613, 619 (8th Cir. 2010).

"Diversity jurisdiction . . . requires an amount in controversy greater than $75,000

and complete diversity of citizenship among the litigants." *Id.* at 619-20.

"Complete diversity of citizenship exists where no defendant holds citizenship in

the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v.

Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Here, the parties are not diverse, as

plaintiff, Tompkins, and Baird are all citizens of Missouri. In addition, 28 U.S.C. §

1441(b) allows a defendant to remove a civil action from state court to federal

court based on diversity jurisdiction only if none of the properly joined defendants

are citizens of the state on which the original action was filed. Applying the so-

called forum defendant rule here, there is no removal jurisdiction over this case if

one of the defendants is citizen of Missouri because "a defendant may not remove

to federal court on the basis of diversity if any of the defendants is a citizen of the

state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145

(8th Cir. 1992); 28 U.S.C. § 1441(b). TVI, as the party invoking jurisdiction, bears

the burden of proving that all prerequisites to jurisdiction are satisfied. *See In re*

*Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes are strictly construed, and any doubts about the propriety of

removal are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters*

*at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

As Tompkins and Baird are Missouri citizens and complete diversity of

citizenship does not exist, removal is precluded unless they are fraudulently joined.

*Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011). "[A]

plaintiff cannot defeat a defendant's right of removal by fraudulently joining a

defendant who has no real connection with the controversy." *Id.* (internal quotation

marks and citation omitted). "The purpose of this exception is to strike a balance

between the plaintiff's right to select a particular forum and the defendant's right to

remove the case to federal court." *Id.* (cited source omitted). "However, if there is

a colorable cause of action – that is, if the state law might impose liability on the

resident defendant under the facts alleged – then there is no fraudulent joinder."

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation

marks and citation omitted). The standards for determining whether a resident defendant is fraudulently joined are the same as the standards for determining whether a diversity-destroying defendant is fraudulently joined. *See id.* Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

*Id.* (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977)).

To pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994)(citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id* .

In general, a plaintiff must exhaust his or her administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. *See Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo. 2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. *Id.* In the *Hill* decision, the Missouri Supreme Court wrote that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* at 669 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880,

888 (3rd Cir. 1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged . . . ." *Id.* According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (citation omitted). In *Hill,* the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." *Id.* at 670.

Therefore, under Missouri law there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. Here, the Court is unable to determine at this juncture whether a Missouri court might determine that plaintiff may pursue his claims against the diversity-destroying resident defendants who were not respondents but who were named in

the charge of discrimination.  In his charge of discrimination, plaintiff names both

Tompkins and Baird and describes their roles in the allegedly discriminatory

conduct.  As TVI bears the burden of establishing all prerequisites for jurisdiction,

I will order it show cause by **September 30, 2015**, why this case should not be

remanded under the standards set out above.  Plaintiff should file his opposition to

defendant's response and/or a properly supported motion for remand by no later

than **October 9, 2015**.  This Court is mindful that it must not engage in an

intensive factual analysis, as when determining jurisdiction the Court's "task is

limited to determining whether there is arguably a reasonable basis for predicting

that the state law might impose liability upon the facts involved" and it must

resolve all facts in the plaintiff's favor.  *Filla*, 336 F.3d at 811; *Allen v. DAL Global

Services, LLC*, 2014 WL 2118007, at * 5 (E.D. Mo. May 21, 2014).  The Court

should not step from the threshold jurisdictional issue into a decision on the merits.

*Filla*, 336 F.3d at 811 ("Like the district court, we have no power to decide the

merits of a case over which we have no jurisdiction.").  If the issue is debatable,

"the better practice is for the federal court not to decide the doubtful question . . .

but simply to remand the case and leave the question for the state courts to decide."

*Id.* (internal quotation marks and citation omitted); *Walters v. Sensient Colors,

LLC*, No. 4:14CV1241, 2015 WL 667986, at *4-*5 (E.D. Mo. Feb. 17, 2015) (J.

Autrey); *Bock v. Liberty Restaurant Group*, No. 4:13CV781, 2013 WL 4504375, at

*3 (E.D. Mo. Aug. 23, 2013) (J. Fleissig); *Hall v. Avis Budget Car Rental, LLC.*, No. 4:12CV738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); *Dones v. Sensient Colors, LLC*, No. 4:12CV216, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (J. Fleissig); *Huye v. Life Care Centers of Am., Inc.*, No. 4:12CV111, 2012 WL 1605250, at *3 (E.D. Mo. May 8, 2012) (J. Jackson); *Fernandez v. GMRI, Inc.*, No. 4:11CV244, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011) (J. Fleissig); *Jameson v. Gough*, No. 4:09CV2021, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010) (J. Sippel); *Moss v. Defender Servs., Inc.*, 1:08CV88, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009) (J. Shaw) (same); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08CV749, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008) (J. Jackson); *Peterson v. Concentra, Inc.*, 4:07CV387, 2007 WL 1459826, at *2 (E.D. Mo. May 16, 2007) (J. Stohr).

In addition, TVI alleges that the amount in controversy claimed by plaintiff exceeds $75,000. To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." 28

U.S.C. § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. Here, the Court questions defendant's allegation regarding the amount in controversy because plaintiff's state court petition does not plead an amount in damages exceeding $75,000.00. Defendant's Notice of Removal alleges that plaintiff's claims exceed the jurisdictional minimum by pointing to plaintiff's request for lost wages and rote "Wherefore" clauses in the petition seeking punitive damages, attorneys' fees, and costs, but at this point defendant has come forward with no evidence in the form of discovery responses or settlement offers to suggest that these damages might be awarded in this case or that, even if so, they reasonably may exceed the jurisdictional amount. See Jackson v. Fitness Resource Group, Inc., No. 4:12CV986, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (court may consider settlement offers in determining amount in controversy).

Accordingly,

**IT IS HEREBY ORDERED** that defendant TVI shall show cause why this case should not be remanded for the reasons set out above no later than **September**

**30, 2015**. Plaintiff may file his opposition and/or a motion for remand by **October**

**9, 2015**. No further briefing or a hearing will be permitted.

 

 

_____

CATHERINE D. PERRY

UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.